Ketchum vs. The Town of Mukwa.

## KETCHUM vs. THE TOWN OF MUKWA.

*Equalization of taxes. — Conditional affirmance of judgment.*

1. Town and city boards, in equalizing personal property (sec. 22, ch. 538, Laws of 1865), have no power to increase the items which have been returned by the tax payer under oath, as required by the act.

2. Where the only error in a money judgment arises from a mistake in computation, this court affirms it on condition that the respondent remit the excess.

APPEAL from the Circuit Court for *Waupaca* County.

The plaintiff was a resident tax payer in the defendant town; and in June, 1867, the town assessors left with him a notice and blank tax list to be filled up. Plaintiff filled the blank by stating the number owned by him of each of the "enumerated articles," and their value, and stating $500 as the value of his "furniture." Values were affixed to the "enumerated articles" as determined by the assessors, and the aggregate of the

whole was stated thus: "Total value of enumerated articles, $999." The list was then signed and sworn to by plaintiff, and returned to the assessors, who received it without objection. Afterward the town board of equalizers inserted the words and figures, "Oshkosh Tug Boat, $500;" and also, under the head of "Aggregate amount of all other articles of personal property not enumerated above," inserted the sum of $2,500. The sum of $3,999 was accordingly inserted in the assessment roll of that year as the amount of plaintiff's personal property liable to taxation; and there was levied on that sum a tax against plaintiff of $343.41. While the tax roll was in the hands of the town treasurer for collection, plaintiff offered to pay the amount which would have been due on the $999, with the fees; but the treasurer refused to receive it, and subsequently seized and sold property of the plaintiff to raise said sum of $343.41, with costs of levy and sale. The whole amount of *town* tax carried out on said tax roll was $129.26; of *school district* tax, $107.94; and the costs of levy and sale, $3. This action was brought to recover the amount raised from said sale of plaintiff's property in excess of the amount actually due on the $999. The court held that the additions made to plaintiff's assessment by the board of equalizers were unauthorized, and that he was entitled to recover of the town the amount of the town and school tax upon such additional assessment, and the costs of levy and sale; and judgment was rendered in his favor for $240.20, besides costs. Defendant appealed from the judgment.

*E. L. Browne*, for appellant, contended that the town board of equalization is authorized by the last part of sec. 22, ch. 538, Laws of 1865, to equalize the value of personal property, as was done in this case. In *Cramer v. City of Milwaukee* (18 Wis. 260), a similar provision in subd. 6, sec. 1, ch. 295, Laws of 1860, was held to confer such a right. The decision in *Matheson v.*

*Mazomanie* (20 Wis. 191) has reference to a different statute. The decision in *White v. City of Appleton* (22 Wis. 639) relates to an increase in the valuation of "merchant's stock," where the valuation is made by the merchant himself; and the reasoning of that case implies that, in a case like the present, where the valuation is to be made by the assessor, the board has power to increase it. 2. If plaintiff is entitled to judgment at all, it is only for about $183.

*M. H. Sessions* and *M. Reed*, for respondent.

PAINE, J. It would probably be impossible to place any construction on the present assessment law which would not be repugnant to some of its provisions. But, after a careful consideration of its various and conflicting provisions, we have come to the conclusion that the town and city boards have not the power, in equalizing personal property, as authorized at the close of section 22, to add to or increase the items of taxable property returned by any individual who returns a list under oath, as required by the act. This conclusion has been derived principally from a consideration of sections 34 and 42, from which it appears that the power of the assessor in the first instance, and of the clerk of the board in the next, to enter upon an examination of the amount and value of the property of any individual, is expressly limited to those cases where the individual either refuses or neglects to make a list of his property at all, or else refuses to swear that it is correct. This, with the absence of any thing authorizing any such inquiry where a list is made and sworn to, seems to imply that, in such case, the sworn list is to be taken as final, so far as the amount of taxable property is concerned. This was evidently the view taken by the court below, and we think it was correct.

There was an evident mistake in the finding, in the computation of the amount of the tax against the

plaintiff, upon the illegal addition to his list. It appears from the assessment roll, that the whole amount of the town and school district tax was only $237.20. Of this amount only three-fourths was illegal, or, to be exactly accurate, $\frac{3000}{9999}$. After adding the costs of the sale, it appears that the error in the finding amounts to $59.26. It was attempted to be cured by a *remittitur*, but the plaintiff did not remit enough. He should have remitted $15.30 more. Where there is a mere error in compensation, it is allowed to be corrected here. The judgment will therefore be affirmed, with costs in favor of the appellant, provided the plaintiff remits that amount; otherwise, it will be reversed.

*By the Court.* — Ordered accordingly.